*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-16-0000692
13-DEC-2019
08:14 AM

SCWC-16-0000692

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

SHUAN E. FLEETWOOD, also known as SHAUN FLEETWOOD,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000692; 1PC101001668)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Shuan E. Fleetwood, also known as Shaun Fleetwood (Fleetwood) appeals the Intermediate Court of Appeals' (ICA) November 7, 2018 Judgment on Appeal affirming the Circuit Court of the First Circuit's (circuit court) order of resentencing and revocation of probation.

On January 18, 2011, Fleetwood pled guilty to two counts of sexual assault in the second degree. The circuit court sentenced Fleetwood to five years of Hawaii's Opportunity Probation with Enforcement (HOPE probation) for each count, to

run concurrently.  As a condition of probation, the circuit court sentenced Fleetwood to one year in prison.

Fleetwood met with his probation officer after he was released from prison, then left the state of Hawaiʻi to visit his ill father in Louisiana.  In Louisiana, Fleetwood was arrested for an outstanding warrant from a previous sexual assault in Arkansas.

Respondent/Plaintiff-Appellee the State of Hawaiʻi (the State) filed a Motion for Modification of the Terms and Conditions of Probation and/or Motion for Revocation of Probation (motion for revocation of probation) after Fleetwood failed to report to his probation officer in November 2011.  The circuit court issued a bench warrant for Fleetwood's arrest.

In 2016, Fleetwood's prison term for the Arkansas sexual assault ended and he was extradited to Hawaiʻi.  The circuit court[1] held a hearing on the State's 2011 motion for revocation of probation, where Fleetwood's original probation officer testified that, in 2011, he explained the terms and conditions of Fleetwood's probation to him, and that he did not give Fleetwood permission to leave the state.  Fleetwood testified that no one explained the terms and conditions of his probation to him and that his probation officer told him he could

---

[1]     The Honorable William M. Domingo presided.

leave Hawaiʻi to visit his father.

The circuit court found that Fleetwood inexcusably violated a substantial condition of his probation by failing to report to his probation officer in 2011.

At the resentencing hearing, Fleetwood testified "I should have known the law a little bit better.  The only thing I wish I would have done was known the law a little bit better and known about the Interstate Compact,[2] sir, which I did not know."  Citing Fleetwood's prior convictions and the fact that Fleetwood maintained, in direct contradiction with his probation officer's testimony, that his probation officer failed to explain the terms and conditions of his probation and gave him permission to leave the state, the circuit court resentenced Fleetwood to ten years' imprisonment.  The circuit court stated:

> I find that Mr. Fleetwood is not a good candidate for probation.  The fact that he took the stand and clearly denied everything in contradiction of what [Fleetwood's probation officer] had stated to him, which I find that – part of probation is you need to be honest, Mr. Fleetwood.  And the fact that you couldn't take the stand and tell this Court that you did know the terms and conditions and that you were told by your probation officer that you could leave.
> So it will be the judgment of this Court that in Count 1, 10-1-1668, 1 and 2, you will serve a period of ten years.

(Emphasis added).

---

[2]     Fleetwood's probation officer testified that "there's an interstate compact that has to go through in order for us to have a client transfer to another state for supervision."  This statement indicates that a probation officer is not, on the probation officer's own authority, able to permit a probationer to leave the state.

The ICA affirmed the circuit court's order of resentencing and revocation of probation.

We vacate the order of resentencing and revocation of probation. The circuit court abused its discretion in using Fleetwood's maintenance that he did not inexcusably violate the terms of his probation as a basis for imposing a harsher sentence, in contravention of the rule adopted by this court in State v. Kamanaʻo, 103 Hawaiʻi 315, 82 P.3d 401 (2003).

This court held in Kamanaʻo that "a sentencing court may not impose an enhanced sentence based on a defendant's refusal to admit guilt with respect to an offense the conviction of which he intends to appeal." Kamanaʻo, 103 Hawaiʻi at 316, 82 P.3d at 402. In Kamanaʻo, a jury convicted Kamanaʻo of multiple counts of sexual assault. Id. Kamanaʻo maintained his innocence throughout trial and post-conviction. Id. at 323, 82 P.3d at 409. At a hearing on extended sentencing, the prosecutor argued that certain aggravating factors, including Kamanaʻo's lack of remorse and refusal to admit guilt, justified imposing an extended sentence. Id. at 317, 82 P.3d at 403. The circuit court granted the State's motion, stating, inter alia,

> In addition to the nature and multiplicity of the offenses committed by [Kamanaʻo], the seriousness, the flagrancy of his conduct is aggravated by what has been pointed out by [the DPA]: That he refuses to acknowledge his culpability for these offenses . . . . his refusal to acknowledge this very serious behavioral problem, which caused him to terrorize and victimize and assault his victims, negates any

4

> reasonable expectation of his rehabilitation, whether in 20 years or for the duration of his life.

Id. at 318, 82 P.3d at 404 (emphases in original). This court vacated Kamanaʻo's sentence and remanded for resentencing, holding that "the circuit court violated Kamanao's constitutional privilege against self-incrimination by imposing an enhanced sentence . . . based solely on Kamanao's refusal to admit his guilt with respect to the offenses of which he was convicted by a jury." Id. at 320, 82 P.3d at 406. This court then adopted the following three-part test, set forth by the Michigan Supreme Court in People v. Wesley, 411 N.W.2d 159 (1987), for assessing whether a sentencing court erroneously relied on a defendant's refusal to admit guilt in imposing a sentence:

> (1) the defendant's maintenance of innocence after the conviction, (2) the judge's attempt to get the defendant to admit guilt, and (3) the appearance that[,] had the defendant affirmatively admitted guilt, his sentence would not have been so severe . . . . [I]f there is an indication of the three factors, then the sentence was likely to have been improperly influenced by the defendant's persistence in his innocence. If, however, the record shows that the court did no more than address the factor of remorsefulness as it bore upon defendant's rehabilitation, then the court's reference to a defendant's persistent claims of innocence will not amount to error requiring reversal.

Id. at 323, 82 P.3d at 409 (citing Wesley, 411 N.W.2d at 162). Applying those factors, this court held that "Kamanao's refusal to admit guilt 'improperly influenced' the circuit court's decision to grant the prosecution's motion for an extended term of imprisonment." Id.

5

As an initial matter, though this court has only applied the Kamanaʻo test in the context of initial sentencing, we hold that the rule applies with equal force at resentencing because the constitutional issues which gave rise to the Kamanaʻo analysis also arise at resentencing.  First, the privilege against self-incrimination, which exists at initial sentencing, also exists during a probation revocation hearing and resentencing.  State v. Villiarimo, 132 Hawaiʻi 209, 219, 320 P.3d 874, 884 (2014) ("[A] revocation proceeding is akin to the initial sentencing hearing.").  Second, a defendant is able to appeal resentencing or the revocation of probation just as a defendant may appeal initial sentencing.  The Kamanaʻo court sought to protect defendants who refuse to admit guilt, knowing that they intend to appeal their conviction.  103 Hawaiʻi at 316, 82 P.3d at 402 ("[A] sentencing court may not impose an enhanced sentence based on a defendant's refusal to admit guilt with respect to an offense the conviction of which he intends to appeal.") (emphasis added).  For the purposes of the Kamanaʻo analysis, the revocation of probation is equivalent to a conviction for a charged offense.  The Kamanaʻo rule therefore applies whenever a judge issues a sentence, irrespective of when in the course of the proceedings the sentence is issued.

The application of the Kamanaʻo factors indicates that, in sentencing Fleetwood to ten years' imprisonment, the circuit

6

court improperly relied on Fleetwood's maintenance that he did not violate his probation.

There is an "indication of" the first factor because Fleetwood maintained his innocence after conviction. At the circuit court's hearing on the State's motion for revocation of probation, the "conviction" occurred when the circuit court found that Fleetwood had inexcusably violated a substantial condition of his probation. Therefore, any statement made "after conviction" pursuant to the Kamanaʻo analysis occurred after the circuit court made this finding. Before Fleetwood was "convicted," Fleetwood testified that he did not inexcusably violate his probation because his probation officer gave him permission to leave the state and because he did not understand the terms and conditions of his probation. After "conviction," but before the imposition of sentence, Fleetwood testified, "I should have known the law a little bit better. The only thing I wish I would have done was known the law a little bit better and known about the Interstate Compact, sir, which I did not know." Fleetwood thus maintained that his probation officer gave him permission to leave Hawaiʻi, by testifying that he should have known that his probation officer lacked authority to give him such permission without complying with the Interstate Compact. By so testifying, Fleetwood maintains that he did not inexcusably

7

violate the terms of his probation, which is equivalent to maintaining his innocence.

There is no indication of the second factor, that the court attempted to get the defendant to admit guilt, but case law indicates that absence of the second factor is not fatal to the Kamanaʻo analysis. See, e.g., State v. Barrios, 139 Hawaiʻi 321, 338, 389 P.3d 916, 933 (2016) (holding that the circuit court improperly inferred that the defendant lacked remorse, despite no indication of the second Kamanaʻo factor); State v. Bailey, No. CAAP-14-0000386, 2015 WL 405742 at *3-4 (App. Jan. 30, 2015) (SDO) (holding that the circuit court was improperly influenced by the defendant's maintenance of his innocence, despite no indication of the second Kamanaʻo factor). Because the first and third factors are present here, the absence of the second factor is insufficient to indicate that the circuit court was not improperly influenced by Fleetwood's maintenance of innocence.

There is an indication of the third factor because it appears that the circuit court gave Fleetwood a harsher sentence because he maintained that he did not inexcusably violate his probation. Although the circuit court listed several bases for sentencing Fleetwood to ten years' imprisonment, it appears that the circuit court would have imposed a less severe sentence had Fleetwood admitted his guilt. The circuit court first observed

8

that Fleetwood had several prior convictions.  However, the circuit court seemed to focus on Fleetwood's refusal to admit that he had inexcusably violated the terms of his probation. The circuit court stated,

> I find that Mr. Fleetwood is not a good candidate for probation.  <u>The fact that he took the stand and clearly denied everything in contradiction of what [Fleetwood's probation officer] had stated to him, which I find that – part of probation is you need to be honest, Mr. Fleetwood.  And the fact that you couldn't take the stand and tell this Court that you did know the terms and conditions and that you were told by your probation officer that you could leave.</u>
> So it will be the judgment of this Court that in Count 1, 10-1-1668, 1 and 2, you will serve a period of ten years.

(Emphasis added).

The circuit court explicitly cited Fleetwood's invocation of his right to maintain his innocence as a basis for sentencing Fleetwood to prison time as opposed to probation. The circuit court implied that, if Fleetwood had conceded that he inexcusably violated his probation by admitting that his probation officer did not give him permission to leave the state and did explain the terms and conditions of his probation, he would have been a good candidate for probation.  HOPE probation would have been a significantly lighter sentence than ten years' incarceration.[3]  Therefore, there is an indication of the third

---

[3]     This case involves the revocation of Fleetwood's probation and his resentencing to a term of imprisonment.  Modifications of probation that are accompanied by brief terms of confinement, which are a hallmark of HOPE, involve different considerations and are not affected by this decision.

factor.

Because there is a strong indication of factors one and three, the circuit court was likely improperly influenced by Fleetwood's maintenance of innocence. Pursuant to Kamanaʻo, this improper influence violated Fleetwood's privilege against self-incrimination. Therefore, the circuit court abused its discretion in sentencing Fleetwood to a ten-year term of imprisonment.

As such, the ICA gravely erred in affirming the circuit court's order of resentencing and revocation of probation.

We therefore vacate the ICA's November 7, 2018 judgment on appeal to the extent that it affirmed the circuit court's order of resentencing and revocation of probation. We remand to the circuit court for resentencing.

DATED: Honolulu, Hawaiʻi, December 13, 2019.

| | |
|---|---|
| Phyllis J. Hironaka for petitioner/defendant-appellant | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Stephen K. Tsushima for respondent/plaintiff-appellee | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

